

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 13 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| UNITED STATES OF AMERICA | CRIM. NO. 06-50081-01 |
|---|---|
| VERSUS | JUDGE DONALD E. WALTER |
| REGINALD B. ATKINS | MAGISTRATE JUDGE HORNSBY |

## O R D E R

On April 30, 2007, the Magistrate Judge issued a report [Doc. #47] recommending that defendant Reginald Atkins ("Atkins") be found competent to stand trial. A pretrial conference was held in this matter on May 25, 2007, during which the issue of Atkins' competency was discussed. At that time, this Court ruled that it would suppress the statements made by Atkins to law enforcement officers based on evidence presented at the competency hearing before the Magistrate Judge which showed that Atkins does not recall and is unable to dispute the officers' testimony. See Hrg. Transcript (4/19/07), p. 11 (Dr. Robert Johnson's testimony that although Atkins understands or has the ability to assist in the preparation of his case, such understanding and assistance needs to be qualified based upon lack of memory regarding the events at issue), pp. 23-24 (Dr. George Seiden's testimony that Atkins' memory deficit is around the time of his arrest) and p. 38 (Wanda Lacy's testimony that despite repeatedly asking Atkins about the events surrounding his arrest, he has been unable to enlighten Lacy).

On May 30, 2007, the Government filed a Motion for Reconsideration Granting Defendant's Oral Motion to Suppress Statements and Request for Evidentiary Hearing [Doc. #50]. This Court held the requested evidentiary hearing on June 11, 2007 [Doc. #54]. The Court heard testimony from Deputy Kevin Bonin ('Bonin"), Deputy Dale Hubbard ("Hubbard") and Detective Leonard

Scoggins ("Scoggins") of the Caddo Parish Sheriff's Office who were the three officers who responded on February 25, 2005, to Wanda Lacy's call that a Ruger shotgun belonging to Lacy was missing. Bonin, Scoggins and Hubbard testified that while in the garage with Atkins where the Ruger shotgun was located, Atkins told them, "Those are my two sniper rifles" and "They're over there." After also hearing testimony from Lacy, the Court then took the Government's motion under advisement.

In June 2007, the Court gave the Government the opportunity to advise the Court whether any evidence existed beyond Atkins' statements to law enforcement officers on February 25, 2005, that the "two sniper rifles" did, in fact, belong to Atkins as opposed to his mother. The Government has advised the Court that it has no additional evidence. Accordingly, the issue of Atkins' competency and how best to provide Atkins a fair trial are ripe for determination.

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record and concurring with the findings of the Magistrate Judge under the applicable law;

The Court finds that defendant, Reginald Atkins, is competent to stand trial. However, in light of the evidence before this Court regarding Atkins' lack of memory surrounding his statements to Bonin, Hubbard and Scoggins on February 25, 2005, related to Atkins' ownership of the two sniper rifles, and Atkins' inability to contradict the testimony of those officers or assist counsel in

his defense as it relates to his making those statements, the interest of justice compels suppression of those statements.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of September, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE