U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 1 0 2009

ROBERT H. SHEMWELL, CLERK
BY_____
     DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-50081-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| REGINALD B. ATKINS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

On November 4, 2008, the Government was ordered to inform the Court whether it intended to introduce certain alleged statements by Defendant, Reginald B. Atkins ("Atkins"), in the prosecution of its case. [Doc. #66]. The Government responded in the affirmative. [Doc. #67]. The government has requested that the Court order Atkins into the custody of the Attorney General pursuant to 18 U.S.C. §4241(d) if the Court determines that he is incompetent to stand trial. *Id.*

### I. Whether Defendant is Incompetent

Criminal due process mandates that no person be convicted of a crime while incompetent to stand trial. *U.S. v. Swanson*, 572 F.2d 523, 256 (5th Cir. 1978). Additionally, the Firth and Sixth Amendments provide the right to a fair trial and effective assistance to counsel, both of which may be adversely affected by an accused's incompetence. *Id.* Because the competency of the defendant is paramount in receiving a fair trial, the District Court may evaluate the competency of a defendant at any time between the commencement of prosecution and sentencing. 18 U.S.C. §4241(a). The Court has reviewed the psychiatric evaluations contained in the record and the transcript from the competency hearing to reevaluate Atkins' competency and ability to receive a fair trial.

The Government intends to introduce incriminating statements allegedly made by Atkins as evidence against him on one count of being a felon in possession of a firearm in violation of 18

U.S.C. §922(g)(1). It is undisputed that Atkins cannot recall inviting police officers to a garage filled with guns and telling the officers: "Those two are mine," or "Those are my two sniper rifles." Similarly, he does not recall telling police officers "They're over there" in reference to guns located in a garage.

Atkins was admitted to the hospital shortly after his arrest for hypoxic encephalopathy (lack of oxygen to the brain), sepsis, and acute respiratory, renal and liver failure. His condition was so severe that he was placed in a drug-induced coma. George Seiden, M.D., Ph.D., evaluated Atkins and determined that he has a rational and factual understanding of the proceedings against him, but lacks the ability to recall the events surrounding his arrest. [Doc. # 45]. Atkins was also evaluated by Robert Johnson, Ph.D. of the Federal Correctional Institution Forensic Staff, who ultimately opined that Atkins was competent to stand trial. [Doc. #44].

Both physicians testified at Atkins' competency hearing held on April 17, 2007, before Magistrate Judge Hornsby. Dr. Johnson testified that it appeared that Atkins has little to no memory of the charged offense due to his medical problems in April 2005, and that it is reasonable that Atkins is experiencing amnesia of events occurring thereafter. Despite this testimony, Dr. Johnson maintained his opinion that Atkins is competent to stand trial. Dr. Seiden testified that Atkins has a genuine memory defect and would be unable to assist his attorney in cross-examining any witness that testified about events surrounding his arrest. Dr. Seiden also opined that Defendant's condition is static or unchangeable, and unlikely to improve.

The Court is required to declare a defendant incompetent to stand trial if he is "presently insane or otherwise so mentally incompetent that he is unable to understand the proceedings against him <u>or properly assist in his own defense</u>." 18 U.S.C. §4241(d)(emphasis added). A defendant can

demonstrate a substantive violation of his due process rights if he can prove either an inability to comprehend or participate in the criminal proceedings. *Holmes v. King*, 709 F.2d 965, 967 (5th Cir. 1983).

The fact that a defendant has amnesia does not automatically render him incompetent. *U.S. v. Swanson*, 572 F.2d 523, 526 (5th Cir. 1978). Rather, each case must be carefully considered on both a subjective and objective level. *Id.* At the subjective level, the Court should determine the defendant's ability to consult with counsel and to understand the proceedings against him. *Id.* Factors to consider include: (1) whether defendant may take the stand on related relevant matters other than those which he cannot remember, (2) whether any other condition hinders the defendant's ability to participate in his own defense, (3) whether a continuance would improve the chances of obtaining a fair trial, and (4) whether the amnesia is feigned or real. *Id.* At the objective level the Court must determine if defendant can receive a fair trial despite his amnesia. *Id.* at 527. Factors to consider include: (1) whether the crime and whereabouts of the defendant can be reconstructed without his testimony, (2) the overall strength of the case against the defendant, and (3) whether any disadvantage could be mitigated by providing defendant access to the Government's files. *Id.*

In this case, both the subjective and objective factors weigh in favor of finding the defendant incompetent. The subjective level favors a finding of incompetency because the record indicates that the Atkins will be unable to take the witness stand and testify about any relevant matters because he cannot recall any of the events surrounding his arrest. Further, there is evidence that his amnesia is real and is unlikely to improve even if the Court were to grant a continuance. The objective level also favors a finding of incompetency. Atkins' testimony is central to any reconstruction of the alleged crime. Additionally, Atkins will be unable to assist his counsel in the cross-examination the

3

police officers regarding his whereabouts or the alleged statements.

Accordingly, this Court hereby finds that the Defendant, Reginald B. Atkins, is incompetent to stand trial for the charges contained in the indictment dated March 23, 2006. [Doc. #1].

## II. Whether the Court is Obligated to Order Defendant into the Custody of the Attorney General.

The Government has requested that the Court order Atkins into the custody of the Attorney General pursuant to 18 U.S.C. §4241(d) if it determines that he is incompetent to stand trial. [Doc. #67]. The Defendant opposes this request for a second custodial evaluation. [Doc. #68]. Defense counsel reasonably argues that a second custodial evaluation is duplicitous given that all of the experts in this case agree that Atkins is unlikely to recover from his amnesia, and suggests that it is more appropriate for the Court to move on to the issue of whether his release will create a substantial risk pursuant to 18 U.S.C. §4246. [Docs. #68].

Title 18 United States Code, Section 4241(d) states that upon a finding of mental incompetency the Court <u>shall</u> commit the defendant to the custody of the Attorney General. (emphasis added). This section allows a defendant to be committed to the custody of the United States government for up to four months while a determination is made as to whether there is a substantial probability that the defendant will regain capacity in the foreseeable future. 18 U.S.C. §4241(d)(2) Although the Court agrees with defense counsel that such a commitment seems unnecessary given that the government's own expert admits that Atkins is unlikely to ever regain his memory regarding the statements in question, the statute is clear. The Court has no discretion and must commit Atkins into the custody of the Attorney General for further evaluation. *See U.S. v Shawar*, 865 F.2d 856 (7th Cir. 1989)(District Court erred by not committing defendant to custody

4

of the Attorney General even though Court found that there was no probability that there would be a change in the defendant's mental condition); *U.S. v. Ferro*, 321 F.3d 756 (8th Cir. 2003)(involuntary hospitalization is mandatory even when mental deterioration is untreatable); *U.S. v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990)(judge properly committed defendant to custody for evaluation despite unlikelihood that defendant would recover competency); *U.S. v. Magassouba*, 544 F.3d 397 (2d Cir. 2008)(commitment is mandatory once defendant is found incompetent).

Accordingly, the Defendant, Reginald B. Atkins, is hereby committed to the custody of the Attorney General of the United States for up to thirty days to determine whether there is a substantial probability that capacity will be attained in the foreseeable future. Mr. Atkins shall be allowed to self-report to the facility identified by the government.

**THUS DONE AND SIGNED**, this 9 day of February 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE